This is all just to include my name. Thank you very much. Thank you. Sorry, Your Honor, I had to fight through the crowd here to get up here. I can already hear, sir. I'm going to have to ask you to get your mic closer to your, and maybe talk a little bit louder. Okay. Will do. Thank you, Your Honor. May it please the Court, my name is Stephen Storch. I represent the appellant, Susan Rosenthal, in this matter. Your Honor, I think that there's no real dispute that Ms. Rosenthal never had an adjudication of her 1983 claim of stigma plus in any court. I mean, is that right? I mean, is there a – well, maybe you can explain to me. If your discrimination claim had been rejected, why would not that mute your name clearing, Harry? Or why didn't they merge? Well, Your Honor, in the Article 78, where the court dismissed the petition which was seeking, among other things, the reinstatement and past salary and also other relief, the court actually held that other claims were more properly brought in a plenary action. And there was a plenary action that was then pending. And, in fact, the court went on to say, while it was dismissing the Article 78, that it said, you know, the people who are claiming these things about Ms. Rosenthal may be lying. And what's needed here is discovery, you know, being able to confront the evidence, which she never was able to confront, and sent it to the plenary hearing. Okay, but I'm going to ask, if the discrimination claims had been rejected, why does that not mute your name clearing, Harry? I mean, if they didn't discriminate against her, like, what was she experiencing stigma on? Well, the stigma would be on false representations that she had made, these comments of a racial and sexual nature. The court could find that, hey, this was not arbitrary and capricious that, you know, because these things were told to them. But it hasn't gotten to the underlying question, as Judge Angaran indicated in his own decision, as to whether or not what was being reported to the officers was actually truthful. And he said, and that's why you need a hearing and a full trial. I can ask, and maybe it's because I've never practiced as a state court judge, what is a specific definition of a name clearing hearing that is different than giving the plaintiff an opportunity to hear and answer any allegations against them? No, I don't think that's clear under New York State law, frankly. Okay, well, then how do you know if you didn't have it? Well, in the article... If the defendants would satisfy it, why wasn't the process that happened in the Article 78 process a name clearing hearing? I'm sorry? Why wasn't what happened in any of the prior courts that, why wasn't that a name clearing hearing if it doesn't actually have a corpus of a specific definition? Right. What happened in the Article 78, Your Honor, was for the first time the defendants, the respondents in that case, made allegations of these racist or allegedly racist and sexual comments and claimed that they had a tape that recorded those comments, which Ms. Rosenthal was never allowed to hear. Judge Angaran in the Article 78 initially ruled that Ms. Rosenthal was entitled to discovery. In Article 78 proceeding in New York, when a judge rules that you're entitled to discovery, that's where they find that there is a factual dispute. So Judge Angaran said, produce the tapes, produce the notes of these tapes, and a host of other things. What happened in the Article 78 is the defendants refused to produce it. And while we were preparing a motion to compel that production, Judge Angaran issued his decision, finding it wasn't arbitrary and capricious because these things were said to the officials, but what was said to the officials might not be true. And so Ms. Rosenthal is entitled to a hearing, and therefore, that should be in the plenary action, which was then pending. And which happened, right? No, never did. And here's what happened in the plenary action. In the plenary action — Wait a minute. I'm sorry. Okay. You know what? I'm going to let you finish. Go ahead. No, I'm sorry if I interrupted you. No, go ahead. Yeah. In the plenary action, the Court there said, well, wait a minute. This was dismissed in the Article 78, and therefore, we're dismissing the plenary action because that's a collateral estoppel on those issues. It dismissed without prejudice the stigma-plus claim that was made in the plenary action. It expressly said without prejudice to bringing them in another court. Okay. When you were in Article 78 claim, or the Article 78 court, did you explicitly say we need a name-declaring hearing? You were admitting that you didn't. We didn't, Your Honor. Okay. So what do we do about the First Department's case that said you forfeited? Why doesn't that have res judicata? We could agree whether it was fair or right or appropriate, but why does that not have the effect of res judicata for us? Well, Your Honor, for one thing, in the Federal courts, and the Second Circuit hasn't addressed this directly. We didn't find any Second Circuit cases. But in other circuits where they have similar requirements of requesting a name-clearing hearing, the courts there have said, you know, you don't have to specifically ask for a name-clearing hearing. It's enough to say, you know, I've been stigmatized, this is false, and I —  But we also have precedent that says that the availability of you being able to go to Article 78-4-1 is enough. If you sat on it, that's on you, right? That was — that's the Siegel case, isn't it? Yes. But we didn't sit on it, Your Honor. The — Judge Angaran had said we need discovery on this matter, which under Article 78 leads to a hearing. But then the action was — the special proceeding was dismissed. And what Judge Angaran did is he said, go to the plenary action and have your hearing. I'm sorry. I just want to make sure we're talking about the two things. And I'm really trying to understand. Sure. There's a lot going on. I hope you're experiencing it in the intent, which I am hoping to get the answers from.  Why are we not bound by res judicata for the First Department's case? Whether it's right, whether it's wrong, that's not a question that res judicata asks us to weigh into. I think the — I would argue more, Your Honor, that the finding that in the appeal or the statement in the appeal at the end that you didn't ask for a name-clearing hearing is more in the nature of a collateral estoppel, not of res judicata. And in the nature of a collateral estoppel, there are other factors that go into it other than res judicata. And one of the things I think that the Federal courts look at in this instance is, did you have a full and fair opportunity to be heard such that we should, you know, impose collateral estoppel on you, and also looks to the substance, which is what the other circuits do, is were you really asking for a name-clearing hearing? When you said, hey, I haven't gotten a hearing, I haven't gotten an opportunity to see the evidence, when you've asked for discovery so you can confront the evidence, isn't that, in fact — Why didn't you go to the court of appeals, then? Your Honor, in terms of, you know, exhausting our appeal, we stopped at the appellate division. The court of appeals, I don't know that — you know, the court of appeals is a very, very long shot to get heard in the court of appeals. We also didn't have to go to the court of appeals, Your Honor, because we had a dismissal of our claim on the 1983 without prejudice. And we made a decision that since we had a dismissal of the 1983 claim without prejudice, we could then bring that claim in Federal court, which we did. Counsel, do you say that the dismissal without prejudice is the end of the story? I believe in this case the dismissal without prejudice is the end of the story. I know that the district court looked at it and said, hey, is this run out of the same nexus of facts as the plenary and the Article 78? And that's why I think that what we're really looking at with respect to the no hearing, Your Honor, is a collateral estoppel issue and not a race judicata issue. Let me just ask you a couple other things. Sure. In the State practice, the Article 78 is a very specialized petition, correct? Correct. It's supposed to be a summary proceeding. It's a four-month statute of limitations. It's supposed to allow you to challenge the administrative ruling very quickly, right? Right. And in the pure Article 78, that's it. Talk to me about the Whitfield case. I know it was mentioned by Judge Ho, but not for anything that's very helpful to us here. Correct. What's the story with that? The Whitfield case, Your Honor, we believe supports us here. We had a pure Article 78 proceeding, and that's in the record what we asked for in that Article 78 proceeding. And what Whitfield claimed, or what Whitfield held, was that in a pure Article 78 proceeding, that doesn't act as race judicata or collateral estoppel on subsequent actions for damages. Right. And so we think that the Whitfield case supports our position, which is we had a pure Article 78. And you couldn't have cited that to the district court because it had not yet been decided when you briefed. Is that right? No, Your Honor. I think it had been decided a couple of weeks or so before we had briefed it. We actually didn't see that until we got the Federal court decision. I don't think either party had cited to Whitfield. Okay. If we had picked it up two weeks before the briefing, it would have been in there. Isn't it dispositive? I believe Whitfield is dispositive in our favor, Your Honor. I believe we have a pure Article 78 proceeding and that it is not race judicata, therefore, on others. There are other Second Circuit cases, Your Honor, and I'm sorry I don't have the site in my head. Well, we have them all memorized, counsel, so don't worry. I was banking on that. We'll wait while I go back to your office and find it. I appreciate that. It will take me about 40 minutes. But those cases, if I recall, where a Article 78 judge finds that, you know, denies Article 78 relief on discrimination-related claims, holds that that's not preclusive of bringing other discrimination claims to another court. The finding, again, pure Article 78 proceeding is not race judicata or collateral estoppel because, as Your Honor, I just noted, it's a very limited proceeding. So, yes, we do believe that Whitfield would be dispositive. And one more question. Despite whatever it is the appellate division said. Correct, Your Honor. Okay. Because I think the federal courts and the Fourth Circuit, D.C., D.C. Circuit, and others have said, look, we're not looking for magic words. In the State, maybe the court was saying, hey, we don't see in the wherefore clause asking for a name clearing here. But I don't think the federal courts require that. Thank you, Your Honor. We'll hear from you on the phone. May it please the Court, Stephen Yanni for the individual defendants appellees. This Court has long held that the availability of an Article 78 proceeding defeats a stigma plus due process claim. And here plaintiff availed herself of the Article 78 process, yet failed to raise any due process claim or to request a name clearing hearing. Why is Whitfield not dispositive? So for a few reasons, Your Honor. First, this argument was never raised below, so it's forfeited. But even if the Court were to consider the argument, the Whitfield concluded that the Article 78 proceeding didn't have preclusive effect because the plaintiff couldn't get damages. But the problem with that argument here is that at the time when plaintiff brought up her Article 78 proceeding, she would not have been entitled to damages as a matter of law. That's because the remedy for a stigma plus due process claim is a name clearing hearing. And the only time where damages are appropriate, as the Patterson case explained, is when you've had your name clearing hearing, but it was insufficient, and then damages are potentially available in that scenario. But because damages would not have been available to plaintiff at the time of the Article 78 proceeding, there was no formal barrier to her obtaining the only relief to which she was legally entitled. I don't understand what you're saying. Do you deny that plaintiff's Article 78 was a pure Article 78? We don't contest that it was a pure Article 78, Your Honor. Okay. And we all agree that res judicata is with us in order to prevent plaintiffs from having multiple bites at the same apple. But this plaintiff hasn't had any bite at the 1983 apple. Isn't that right? I disagree with that, Your Honor. Where did she have that? Well, first, she could have raised the underlying constitutional objections in the Article 78. Although she couldn't have gotten damages. But she doesn't have to, though. She doesn't have to. She can bring a pure Article 78 and bring a separate action, which, in fact, she did, right? Well, this Court has held that you have to go through the Article 78 process before bringing a stigma plus claim. But even considering the other 1983 claim that plaintiff claims was asserted in the plenary action, she actually told the representative to the Court that she was attempting to assert an equal protection claim and not a due process claim. So and this was – that claim was also asserted only against the individual defendants in their official capacity. It wasn't an individual capacity claim. So she could have brought a stigma plus claim against the individual defendants. But that's not the test, is it? Could have brought? Yes, that is the test under matter of Hunter, Your Honor. Well, then tell me what do we make of the without prejudice dismissal in the plenary action? So I think it's inconsequential here because it was not – Why doesn't – I don't understand. Under Whitfield, how can that be? Well, under Whitfield, our first argument, as I explained, is that the Article 78 proceeding is entitled to a preclusive effect here because Whitfield doesn't apply because the only legally available relief was a hearing, not damages at the time. And then my secondary argument is that even if you're looking to the plenary action, the claim that was dismissed without prejudice was not a stigma plus due process claim against the individual defendants in their individual capacity. And that's the claim that plaintiff's trying to assert here. She doesn't dispute that – plaintiff doesn't dispute that she could have tried to bring that claim in the plenary action, but she didn't. And as the appellate division held, when plaintiff tried to appeal in the plenary action, she had forfeited her right to a name-clearing hearing. So the proper – what the plaintiff should have done if she disagreed that the lower courts denied her a name-clearing hearing in some way, her recourse was to go to the appellate division and appeal those decisions, and she, in fact, did. And the court ruled against her in both of those cases. And even separately – But did you ever disprove her allegation that the evidence against her was fabricated? Did that ever happen at any point? The – so the issue that was decided in the Article 78 proceeding was whether the reason for terminating her was discriminatory, and the appellate division found that the results of the investigation provided a legitimate basis for her termination. You know, I think that overlaps substantially with her claim – Based on different facts from the ones that were published in the Post, right? I think they were both referencing the same investigation, Your Honor. Not the same investigation, but they were different facts. The Post said X, Y, Z. And then later on, investigation was undertaken, and apparently the Article 78 court said, okay, the new evidence that you have brought in now is sufficient to justify her termination. She never got it, nothing. So she hasn't had the opportunity to challenge those facts. Well, Your Honor, I think the timeline is slightly different. So the investigation into her other conduct occurred before the New York Post announced her termination on the 19th. The investigation that uncovered the other misconduct that's detailed in our brief happened before that. The decision to terminate Plaintiff based on that conduct was on the 17th of June, and on 19th, the New York Post article was published. Maybe I can ask the other question in the other way. Was the evidence that was ordered to be produced but then mooted, was that evidence ever produced? So with respect to the recordings that Plaintiff mentioned, the trial court found that the State was never in – I'm sorry, I just asked a simple question. I think I know the answer to it. Is it no? The answer is no, because that issue was mooted by the determination that the petition should be dismissed. And I would say, like, even setting apart the issue of res judicata, this claim plainly fails on the merits because this Court has – it's this Court's established precedent that the mere availability of the Article 78 proceeding is enough to defeat the stigma clause claim. How do we square the doctrine, which I think can be fairly read as saying the existence of an Article 78 proceeding is enough to provide the due process that you need, whether or not a client avails themselves of it, with the doctrine that could be read as saying you don't need to ask for it and you're entitled to it? How do we doctrinally make those things harmonize? I think the problem with that argument is all the cases that plaintiff cites that say you don't have to request it, those plaintiffs nonetheless pleaded a stigma plus due process claim in their – in their complaints. They simply didn't request the relief of the name-clearing hearing in their prayer for relief. But in the Article 78, plaintiff never alleged in the petition that there was a due process violation or said that she was asserting a stigma plus claim. And as the New York Court of Appeals explained in matter of Swinton, that's typically the process you go through in an Article 78. If you want a name-clearing hearing, you have to put forth a cause of action that requests it. But you don't have to request it in an Article 78. As we talked about with your colleague, Article 78s are very specialized proceedings for very narrow purposes. You may expand it, but you don't have to. I think the – You don't have to with the result of forfeiting your right to a name-clearing hearing. Isn't that right? Well, Your Honor, what you don't have to do is you don't have to necessarily join 1983 damages claims in the Article – in an Article 78 proceeding. But you do have to raise your procedural objections to the termination where your claim is that you didn't receive sufficient process. And this Court recognized that in the Campos case that's cited in our brief. This Court held that an Article 78's court – Article 78 court's power to consider a due process objection and remand to the agency if needed defeats an Article – defeats a 1983 claim. Unless there are further questions, we respectfully ask the Court to affirm. May it please the Court. I'm Holly Rogers on behalf of the Apelli Roosevelt Island Operating Corporation, who I'll refer to as REOC. Building upon the discussions that have already taken place, I think one thing that runs through all three of these identical cases is the fact that there wasn't a failure here of due process. There was, at each case, a failure of the plaintiff's claim. And I think that really goes to the heart of the adequacy of the Article 78 proceeding here. So the Article 78 proceeding – well, first of all, it's clear that the articles – the availability of the proceeding is enough to provide due process in a stigma plus claim. And the reason for that is that it's the availability of the judicial review itself. It's the ability to provide a petition and have the Court hear your petition and hear your arguments. That is why in the Article 78 proceedings, discovery is rare, hearings are rare. As Your Honor pointed out, there are summary proceedings, and they're to be quick. So it's – And that's in a pure Article 78, right? That's correct, Your Honor, which we don't dispute this was. So the idea that, you know, there's going to be new evidence, there's going to be a hearing or a trial at the Article 78, really is not the purpose or the nature of the Article 78 proceeding. And quite frankly, whether you're in the Article 78 court, whether you're in the State Supreme Court for a plenary action, or whether you're before the district court, we all know that in order to get to the discovery phase or get to a hearing phase, you have to have a triable issue of fact. And if you don't, and then there's a motion, your case will be successfully dismissed. And so that is what happened here for the plaintiff appellant at every stage. What do you make of the without prejudice dismissal? What are we to make of that? With regard to the dismissal, the plaintiff appellant's claim, that the 1983 claim was dismissed without prejudice, I think particularly with regard to my client, Riach, that is not apparently obvious. So there, Judge Hager's opinion says that all discrimination claims are dismissed with prejudice. And you'll see that there's a clear bifurcation there. So clearly this dismissal, first of all, was procedural to a certain extent in that what was dismissed. But the part that I think is a little tricky, and I think we should be confronting it head on, is right now she's asking a different 1983 claim, right? Like she's saying that she didn't get due process as opposed to in the earlier cases she was saying that she was the victim of discrimination. Is that right? I think that's precisely why preclusion is important in this case, because what the law says is that if you operate out of the same nucleus of facts and the same parties and the same harm, which is clear here, that's the problem. It wasn't the same harm. It wasn't the same harm. Discrimination is different from having your name slandered and getting a chance to clear your name. Your Honor, the same harm that I was referring to was the fact that the term discrimination of her employment and the alleged discrimination, which is, I think, part of the same nucleus of facts where she's saying essentially that there was discrimination in that the reason for her termination was falsified. But getting back to the dismissal without prejudice, I think what would actually happen there is that the court in writing the decision simply failed to include the count of the 1983 claim as a ---- Failed to. I didn't hear the verb. The count with regard to ---- Failed to. The 1983 claim. I didn't hear the verb. Failed to what? I'm sorry, refer to or note in its decision the 1983 claim. Because for REOP, for instance, right, so the claims that were dismissed without prejudice were for the plaintiff appellant to go to the court of claims against the State defendants. The court pointed out that REOP, it was not appropriate for claims against REOP to go there. So then what happens to the 1983 claim against REOP? The plaintiff made it clear, plaintiff appellant made it clear in her brief that her 1983 payment in that case was part of the discrimination claims. And so REOP submits that claim against it was likely dismissed with prejudice. But even if it wasn't, that, you know, the preclusive effect still applies because the discrimination claims would be part of the claims that were there dismissed on the merits, which were the discrimination claims. Okay, can you tell me what is, which of the many cases were the ones that you think we're subject, like we need, either have a preclusive effect that we're dealing with with res judicata? Is it the Article 78? Is it the First Departments? Which is the case that you think settles the question? I think that all of the decisions contribute to the res judicata preclusion. All of them? Yes. Even the Article 78 dismissal of the pure Article 78?  Because what happened is, what's the reason? Okay, I'm sorry. Which one? Maybe let me ask the question. Only one of them said that she forfeited it, right? The only one that has spoken to the idea of whether or not she had a chance and she didn't and that it's been forfeited is the First Department. Is that right? Yes, Your Honor. But the thread that goes through all of these cases is that the Article 78 was the first court to decide that her termination was legitimate and nondiscriminatory. I mean, I've just never seen a case that says it's like the gestalt of a bunch of cases is subject to res judicata. I've not seen that. Is there a case that you can point to that says that we can apply res judicata to a series of cases and put them all together and then conclude that? Or is there one that you think is the one that answers it? I see. Well, I think put another way then, either or. I think that the Article 78 proceeding certainly has a preclusive effect, and I also think that and or the plenary action has a preclusive effect. Interesting. I'm sorry. Go ahead. And you say that the without prejudice dismissal by the plenary court was just a mistake? I do believe that to be the case, Your Honor. All right. Okay. What I think then, and maybe this is a part that I'm missing, is that you're making the argument that she effectively had the name-clearing hearing and she lost it, as opposed to the fact that she forfeited it. Precisely, Your Honor. How can that be when the plenary court based it on res judicata? How can that be? Can you repeat the question, I'm sorry? I'm sorry. How can that be if the plenary court said, I'm dismissing on the basis of res judicata without prejudice? When did she get the name-clearing hearing? The Article 78 proceeding is the name-clearing hearing, and that suffices for due process, whether or not you prevail, which is precisely a point that Judge Ho so eloquently made. I'm back on that. I thought your argument was that she had forfeited it, not that she effectively had it. It's both. But then you still haven't told me which is the case that is preclusive. You said it is the Article 78 and the plenary, and the one case you didn't cite was the one that said she forfeited it. So, unfortunately, this is a situation in which I think oral argument has made things more confusing rather than less confusing, but you're very much out of time. I'm sorry? Nothing. Thank you, Your Honor. Do you have more questions? No. Okay. Thank you. Mr. Stewart's counsel says that the availability of the Article 78 is the same as or sufficient for the name-clearing hearing. I assume you disagree.  I disagree with that. I think the fact that it's available, that you have to be afforded the hearing. I mean, the fact that there is an Article 78 procedure, but you don't get the hearing doesn't mean, well, okay, it was available, you didn't get it, that's too bad. But would you then at least concede that she didn't ask for it? I mean, I guess the question is, what I just heard you say suggests that it cannot be forfeitable. Is that your position, that it cannot be forfeited? I mean, you can forfeit. I think it would have to be kind of an express, hey, I don't want to. So you're saying wait. You're saying you're not just that I think nobody would dispute that it couldn't be waived, but you're saying that it cannot be forfeited at any point in time. Somebody could say I didn't have this, and therefore I now have a due process claim, even if they'd had multiple pure Article 78 proceedings on a bunch of different related matters? Well, I think at some point by your actions you could forfeit, but that's not the case here. Why? Tell us why. Well, in the Article 78, one of the gravamen in that complaint was these new accusations had been made against her, that she was asking for an opportunity to confront the evidence, and she was looking for an opportunity because of the stigma. She has this in her affidavit in the Article 78, that it's caused her such enormous harm and damage by them publicizing these comments. Which is even against their own internal rules. That, you know, I think that screams out that I'm trying to clear my name. Now, you know, Your Honor asked what's the difference between what's the magic words for a name-clearing hearing? A hearing where you get an opportunity to confront the evidence and refute it and show that it's wrong is an availability of clearing your name. She never got that. Your colleague says, yes, she did in the Article 78 because the court said your firing was not arbitrary and capricious. It could have not been arbitrary and capricious, but that doesn't address going out to the public and then making false defamatory statements. That was never addressed in any proceeding. And in the plenary action, we did specifically allege a stigma-plus claim, and the judge specifically dismissed that without prejudice. The defendants never went and said, oh, we need clarification, Judge. Did you dismiss that 1983 claim with prejudice? Is that what you meant? They never did that. All right? If I may just take one second. This tape, they came into court and said, we have a tape. We heard her say these horrible things, and we said, let's play the tape. And Judge Angaran ordered them to produce the tape, and they refused. They outright refused. And as we were making our motion to compel it, Judge Angaran's decision came down. Thank you.